UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

DIEP VUONG,

    Plaintiff,

v.

ETRO U.S.A., INC.,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, Etro U.S.A., Inc. ("Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files its Notice of and Petition for Removal of the above captioned action pending in the Circuit Court of Miami-Dade, Florida, to the United States District Court for the Southern District of Florida and, as grounds for removal, states as follows:

## BACKGROUND

On March 23, 2021, Plaintiff, Diep Vuong ("Plaintiff"), filed a civil action in the Circuit Court in and for Miami-Dade County, Florida captioned *Diep Vuong v. Etro U.S.A., Inc.* (the "State Court Lawsuit"). The State Court Lawsuit was assigned Case No. 2021-007128-CA-01. In the Complaint, Plaintiff alleges race discrimination under the Florida Civil Rights Act ("FCRA") (Count I); age discrimination under the FCRA (Count II); retaliation under the FCRA (Count III); and retaliation under § 440.205, Florida Statutes, for pursuing a workers' compensation claim (Count IV).

CASE NO.: _____

On April 7, 2021, Defendant was served with a Summons and Complaint in the State Court Lawsuit. A copy of the Summons and Complaint is attached hereto as Exhibit A. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as it is being filed within 30 days of service of the Summons and Complaint on April 7, 2021. In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Defendant is attached hereto as **Exhibit A**.

In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of this notice will be filed with the Clerk of the Miami-Dade Circuit Court.

This case is removable to the United States District Court for the Southern District of Florida, Miami Division, which embraces the judicial district in which the action is pending, pursuant to 28 U.S.C. § 1441(a). Removal is, thus, proper to this Court.

As explained below, this action is within the original diversity jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a) because it involves a controversy between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**REMOVAL JURISDICTION**

I.  **Complete Diversity of Citizenship Exists Between the Parties**

   A.  **Plaintiff is a Citizen of the State of Florida**

An individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *Brooks v. Sears, Roebuck & Co.*, No. 6:18-cv-554-Orl-37DCI, 2018 U.S. Dist. LEXIS 124390, *10 (M.D. Fla. Jul 2, 2018) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002)); *Jakobot v. Am. Airlines, Inc.*, No. 10-61576-CIV-LENARD, 2011 U.S. Dist. LEXIS 64824, *5 (S.D. Fla. Jun. 20, 2011). There is a presumption that the state in which a person resides is that person's domicile

for purposes of diversity jurisdiction. *Grant v. Pottinger-Gibson*, No. 0:15-cv-61150-KMM, 2017 U.S. Dist. LEXIS 111695, **6-7 (S.D. Fla. Jul. 17, 2017); *Jakobot*, 2011 U.S. Dist. LEXIS 64824, at *5.

In the Complaint, Plaintiff alleges that she is, and has been, a Florida resident at all times relevant to this action. *See* Exhibit A, Complaint ¶ 2. Defendant's business records also show that Plaintiff is a citizen and resident of Miami-Dade, Florida. *See* Declaration of Rossana Soued ("Soued Decl."), attached hereto as **Exhibit B**, at ¶ 13. Further, Defendant has no information to suggest Plaintiff intends to leave the State of Florida. Defendant has, therefore, carried its burden of establishing that Plaintiff is, and has been at all relevant times, a citizen of the State of Florida for the purpose of removal. *See Grant*, 2017 U.S. Dist. LEXIS 111695, at *7 (finding that a minimal showing of citizenship supports a finding that diversity exists and that removal is proper).

B. **Defendant is a Citizen of the State of New York**

A corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 n.1 (11th Cir. 2004). The phrase "principal place of business" refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92 (2010). Courts have often metaphorically called that place the corporation's "nerve center," which will typically be found at a corporation's headquarters. *Id.* at 81-82.

Defendant is a for-profit corporation incorporated in the State of New York, with its principal address in New York. *See* Soued Decl. at ¶¶ 2, 5, and Exhibit 1 thereto (Florida Secretary

of State Division of Corporations' Detail by Entity Name).[1] Defendant has seven boutique stores across the country, but its national day-to-day operational decisions are made out of New York. *Id.* at ¶¶ 6-12. Defendant's officers direct, control, and coordinate the Company's activities out of New York. *Id.* at ¶¶ 2, 10, 11. Defendant's principal place of business is, therefore, New York.

Because Defendant is not a citizen of the State of Florida as Plaintiff is, Defendant has satisfied its burden of establishing that there is complete diversity of citizenship between the parties here.

## II. The Amount of Controversy Exceeds $75,000[2]

Where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). For purposes of establishing diversity jurisdiction, the Court may consider the entire record presented to it and not just the allegations in the Complaint. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (stating that, "when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations . . . [t]hat kind of reasoning is not akin to conjecture,

---

[1] Defendant requests that the Court take judicial notice of records from the Secretary of State's website. *See Allstate Ins. Co. v. Estate of Levesque*, No. 8:08-cv-2253-T-33EAJ, 2010 U.S. Dist. LEXIS 83299, **5-6 (M.D. Fla. Jul. 19, 2010) (providing that case law from the Eleventh Circuit and other jurisdictions supports judicially noticing documents filed with the Division of Corporations).

[2] This analysis is made to show that the amount in controversy here is more likely than not above the jurisdictional limit at issue. By making this analysis, Defendant makes no admission that Plaintiff is entitled to any damages or to any form of relief.

speculation, or star gazing"); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (stating that "[i]n some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper").

As confirmed by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, this Court need only find by a preponderance of the evidence that the amount in controversy is satisfied. *See* 28 U.S.C. § 1446(c)(2)(B); Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 125 Stat. 758, 760 (2011) ("the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded; and . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)").

In the Complaint, Plaintiff does not demand a specific amount of damages, but merely prays categorically for damages, including loss of past and future income (back pay and front pay), compensatory damages for mental anguish/emotional distress, costs, and attorneys' fees.[3] *See* Exhibit A, Complaint at Prayer for Relief.

When it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, at \*\*7-8 (M.D. Fla. Jul. 14, 2014)

---

[3] Defendant recognizes that in the Civil Cover Sheet filed with Plaintiff's Complaint, Plaintiff indicated the Amount of Claim ranges from $30,001 to $50,000. *See* Exhibit A. However, the Civil Cover Sheet expressly states, "The estimated amount of claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose." *See id*. The Civil Cover Sheet, therefore, should not be taken into account in determining the amount in controversy in this case. *See also Koppey v. Liberty Mut. Fire Ins. Co.*, No. 20-cv-23583-BLOOM/Louis, 2020 U.S. Dist. LEXIS 189766, at \*4-7 (S.D. Fla. Oct. 13, 2020) (rejecting use of Civil Cover Sheet to establish amount in controversy).

(citing *Roe*, 613 F.3d at 1064). When determining whether the amount in controversy requirement has been met, district courts should only consider the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover. *McDaniel v. Fifth Third Bank*, 568 Fed. App'x 729, 730 (11th Cir. Jun. 5, 2014). Defendant, therefore, need only prove the jurisdictional facts necessary to establish that damages in an amount necessary to reach the jurisdictional minimum are at issue–that is, that such damages *could be* awarded. *Id.* at 731 (emphasis added). As discussed below, Plaintiff has placed in controversy more than $75,000 in damages.

### A. Back Pay and Front Pay

If Plaintiff prevails on her claims under the FCRA and § 440.205, Florida Statutes, she may recover, among other damages, back pay and front pay. *See* Fla. Stat § 760.11(5); *see Booker v. Doyon Sec. Servs., LLC*, No. 16-24146-CIV-LENARD/GOODMAN, 2017 U.S. Dist. LEXIS 220781, \*\*7-8 (S.D. Fla. Jan. 20, 2017) (noting that courts have considered back pay awards under the FCRA when calculating the amount in controversy of a removal action, which is calculated from the date of the adverse employment action until the date of judgment); *id.* at 9 (concluding that a front pay award is available under the FCRA and may be considered for amount in controversy purposes); *see also* Exhibit A, Complaint at Prayer for Relief (Plaintiff seeks loss of past and future income, all damages permitted for violations of FCRA, and all damages for violations of § 440.205, Florida Statutes).

In determining the amount in controversy, many courts have held that back pay may be calculated through the estimated date of trial. *Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, at \*5 (M.D. Fla. Jan. 17, 2017) (collecting cases); *see also Risk v. JetBlue Airways Corp.,* No. 6-CIV-62317, 2017 U.S. Dist. LEXIS 62542, \*9 (S.D. Fla. April 24, 2017) (finding that in calculating damages for the amount in controversy

requirement, "back pay should be calculated from the date of the adverse employment action until the date of the trial, less any mitigation"); *Cashman v. Host, Int'l*, No. 8:10-cv-1197-T-30MAP, 2010 U.S. Dist. LEXIS 123164, *4 (M.D. Fla. Nov. 9, 2010) (considering plaintiff's back pay amount from the date of termination through the anticipated date of trial to establish the amount in controversy).

In 2020, Plaintiff's last year as an active employee of Etro, Plaintiff was initially paid a salary plus bonus and commissions, which was changed into an hourly rate of pay of $31.87, plus bonus and commissions, after January 7, 2020. Plaintiff was paid $23,855.49 through March 6, 2020, which is representative of approximately nine weeks of pay for 2020. *See* Soued Decl. at ¶ 14, and Exhibit 2 thereto (Plaintiff's payroll records). On average, Plaintiff earned $2,650.61 per week in 2020 ($23,855.49 ÷ 9 weeks). Accordingly, Plaintiff's back pay to date is approximately **$159,036.60** ($2,650.61 per week x 60 weeks between March 6, 2020 and April 27, 2021). Without considering any other category of damages, Plaintiff's back pay damages to date exceed the $75,000 amount in controversy requirement.

If this case proceeds to trial within one year of the filing of this action—March 23, 2022—which is in line with a Standard Track case outlined in Local Rule 16.1(a)(2)(B), Plaintiff's back pay will amount to **$283,615.27** ($2,650.61 per week x 107 weeks between March 6, 2020 and March 23, 2022).

As for front pay, several courts in the Eleventh Circuit have held that it is reasonable to add one year of front pay to the amount in controversy in FCRA employment cases. *Gonzalez*, 2017 U.S. Dist. LEXIS 5837, at **5-6; *Booker*, 2017 U.S. Dist. LEXIS 220781, at **9-10; *Penalver v. Northern Elec., Inc.*, No. 12-80188-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 53662, at *7 (S.D. Fla. April 17, 2012). As such, Plaintiff's estimated front pay for one year is

approximately **$137,831.72** ($2,650.61 per week x 52 weeks). Plaintiff has made no indication in the Complaint that she found a subsequent job or has mitigated her damages. *See Marcenaro v. Creative Hairdressers Inc.*, No. 12-60236-CIV-MARRA/BRANNON, 2012 U.S. Dist. LEXIS 56286, at *6 (S.D. Fla. April 23, 2012) (noting that it is the plaintiff's burden to demonstrate that mitigation has occurred for purposes of determining amount in controversy). Thus, Plaintiff's front pay and back pay damages through trial total approximately **$421,446.99**.

      **B.**     **Compensatory Damages and Punitive Damages**

Plaintiff also seeks to recover compensatory and punitive damages.[4] *See* Fla. Stat § 760.11(5); Exhibit A, Complaint at Prayer for Relief (Plaintiff seeks loss of past and future income, all damages permitted for violations of the FCRA, and all damages for violations of § 440.205, Florida Statutes).

Evidence of compensatory damages can be considered in ascertaining whether the amount in controversy exceeds $75,000. *See Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1357 (S.D. Fla. 1998). Courts in the Southern District of Florida have observed that in determining the propriety of removal, an award of compensatory damages could easily match the amount of economic damages. *Barnes v. Jetblue Airways Corp.*, No. 07-60441-CIV-COHN, 2007 U.S. Dist. LEXIS 33276, *5 (S.D. Fla. May 7, 2007) (finding that the $75,000 jurisdictional amount was satisfied for diversity purposes based, in part, on plaintiff's claim for compensatory damages which the court determined could easily match the amount of economic damages). Consequently, Plaintiff could receive approximately $421,446.99 in compensatory damages, an amount equivalent to her

---

[4]     Although Plaintiff does not expressly seek punitive damages in the Complaint, she seeks all damages permitted for violations of the FCRA, and punitive damages are permitted under the FCRA. This analysis, therefore, includes punitive damages in determining the amount in controversy.

CASE NO.: _____

claimed front pay and back pay damages. The amount in controversy, therefore, equals approximately **$842,893.98**.[5]

Punitive damages are available under the FCRA and must be considered in calculating the amount in controversy. *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citing *Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala.*, 320 U.S. 238, 240 (1943)) (stating that when determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered); *see* Fla. Stat. § 760.11(5); *see also Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that a complaint alleging $100,000 in punitive damages satisfied the jurisdictional amount in controversy because the jury could have awarded that much in punitive damages under the relevant state law). The amount in controversy, therefore, exceeds $75,000 because nothing in Plaintiff's Complaint suggests she is seeking an amount lower than the maximum allowed under the FCRA–$100,000. *See* Fla. Stat. §760.11(5); *Penalver*, 2012 U.S. Dist. LEXIS 53662, at *8; *see also Brown v. Cunningham Lindsey U.S., Inc.*, No. 3:05-cv-141-J-32HTS, 2005 U.S. Dist. LEXIS 38862, at *16 (M.D. Fla. May 11, 2005) (concluding that the amount in controversy exceeded $75,000, in part, because the plaintiff was seeking punitive damages and nothing in his motion to remand indicated that he was seeking less than the $100,000 statutory maximum).

    **C.**    **Attorneys' Fees and Costs**

Finally, Plaintiff seeks recovery of her attorneys' fees and costs, which are expressly

---

[5] Defendant in no way concedes that Plaintiff has suffered compensatory damages or is otherwise entitled to any damages. Rather, in the absence of a dollar amount pled by Plaintiff, this is a reasonable approach to determine the amount Plaintiff is claiming in damages as the amount in controversy.

CASE NO.: _____

provided for by the FCRA. *See* Fla. Stat. § 760.11(5); Exhibit A, Complaint at Prayer for Relief (Plaintiff seeks attorneys' fees pursuant to the FCRA and § 440.205, Florida Statutes).[6] When a statute authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy. *Cunningham Lindsey U.S., Inc.*, 2005 U.S. Dist. LEXIS 38862 at \*13 (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000)).

Here, Defendant modestly estimates that Plaintiff's counsel may claim over 200 hours for litigating this case through trial. *See Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM-GRJ, 2012 U.S. Dist. LEXIS 53530, 14-15 (N.D. Fla. Mar. 6, 2012) (the court estimated the reasonable attorneys' fees through trial for purposes of determining the amount in controversy for jurisdictional purposes because entitlement to fees is only triggered if the plaintiff prevails). Such an estimate is consistent with how courts within Florida have defined "reasonableness" regarding the number of hours spent litigating a case. *See, e.g.*, *Holland v. Gee*, No. 8:08-cv-2458-T-33AE, 2012 U.S Dist. LEXIS 164956, at \*16 (M.D. Fla. Oct. 23, 2012) (affirming an estimate of 260.8 billed hours by lead attorney and 190.8 hours billed by associate attorney as reasonable in a Title VII and FCRA case that proceeded through trial); *Joseph v. Publix Super Markets, Inc.*, No. 00-7327-CIV-MIDDLEBROOKS/JOHNSON, 2004 U.S. Dist. LEXIS 30889, at \*15-16 (S.D. Fla. Mar. 29, 2004) (awarding plaintiff $187,874.50 in attorneys' fees in a Title VII case based on 1,023 hours of attorneys' billable time).

Courts have also found that $250 to $300 per hour is a reasonable hourly rate for plaintiffs' attorneys in employment discrimination cases. *See, e.g.*, *St. Fleur v. City of Fort Lauderdale*, 149 Fed. App'x 849, 852-53 (11th Cir. 2005) (affirming $250 as a reasonable hourly rate for lead trial

---

[6] Attorneys' fees are not recoverable under § 440.205, Florida Statutes. Defendant intends to file a Motion to Strike Plaintiff's claim for attorneys' fees in connection with her workers' compensation retaliation claim.

10

attorneys litigating a Title VII claim in the Middle District of Florida); *see Brown v. Sch. Bd. of Broward County*, No. 08-61592-CIV-DIMITROULEAS, 2010 U.S. Dist. LEXIS 85084,*2, 8 (S.D. Fla. June 29, 2010) (finding that $250 was a reasonable rate for a plaintiff's attorney with six years of experience litigating a Title VII claim in the Southern District of Florida).  Counsel for Plaintiff has been admitted to practice law in the State of Florida since April 20, 1995 (more than 26 years), so the Court may use $300 as a reasonable rate.

Plaintiff's claim for attorneys' fees, thus, could conservatively range from **$60,000.00 to $90,000.00** ($300/hour x 200 hours to $300/hour x 300 hours).  Even when factoring in the lowest end of this range, when combined with Plaintiff's claims for back pay, front pay, compensatory damages, and punitive damages, the amount in controversy far exceeds the threshold $75,000.  Indeed, Plaintiff's back pay damages to date (**$159,036.60**) alone already exceeds the amount in controversy requirement.  In sum, Plaintiff's potential damages in this action total **$1,002,893.98 to 1,032,893.98**, which greatly exceeds the $75,000 threshold amount in controversy.

## **CONCLUSION**

In conclusion, this Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).  There is complete diversity between the parties because Plaintiff is a citizen of the State of Florida while Defendant is a citizen of the State of New York.  Based on Plaintiff's claims for back pay, front pay, compensatory damages, punitive damages, and attorneys' fees and costs, Defendant respectfully submits that it has established by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000.

CASE NO.: _____

Dated: April 30, 2021

                                    Respectfully submitted,

                                    JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 577-7600

*/s/ Scott S. Allen*
Scott S. Allen, Esq.
Florida Bar No. 143278
E-mail: *scott.allen@jacksonlewis.com*
Tiexin Yang, Esq.
Florida Bar No. 1010651
E-mail: *tiexin.yang@jacksonlewis.com*

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    */s/ Scott S. Allen*
                                    Scott S. Allen, Esq.

CASE NO.: _____

## SERVICE LIST

Christopher D. Brown, Esq.  
Florida Bar Number: 0045004  
E-mail: *cbrown@beasleydemos.com*  
BEASLEY, DEMOS & BROWN, LLC  
201 Alhambra Circle, Suite 601  
Coral Gables, Florida 33134  
Tel.: (305) 669-3131  
Fax: (786)615-8945  

*Attorneys for Plaintiff*

Scott S. Allen, Esq.  
Florida Bar No. 143278  
E-mail: *scott.allen@jacksonlewis.com*  
Tiexin Yang, Esq.  
Florida Bar No. 1010651  
E-mail: *tiexin.yang@jacksonlewis.com*  
JACKSON LEWIS P.C.  
One Biscayne Tower, Suite 3500  
2 South Biscayne Boulevard  
Miami, Florida 33131  
Tel.: (305) 577-7600  

*Attorneys for Defendant*