# EXHIBIT "A"

Filing # 123829217 E-Filed 03/26/2021 11:18:39 AM

| | IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA | |
|---|---|---|
| **DIVISION** X CIVIL ☐ OTHER | **SUMMONS** | **CASE NO.** 2021-007128 CA 01 |
| **PLAINTIFF(S)** DIEP VUONG | **vs. DEFENDANT(S)** ETRO U.S.A., INC. | **CLOCK IN** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

   YOU ARE COMMANDED to serve this summons and a copy of the Summons and Complaint, Notice of Service of Interrogatories, Interrogatories and Request for Production on Defendant, **ETRO U.S.A., INC**, by serving:

**ETRO U.S.A., INC.**
**By Serving Registered Agent: NRAI Services, Inc.**
**1200 South Pine Island Road**
**Plantation, Florida 33324**

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's Attorney:

Christopher D. Brown, Esq.
Beasley, Demos & Brown, LLC
201 Alhambra Circle, Suite 501
Coral Gables, Florida 33134
305-669-3131

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **CLERK OF COURTS** | BY: 310009 DEPUTY CLERK | **DATE** 3/26/2021 |
|---|---|---|

COURT SEAL

1

Filing # 123608195 E-Filed 03/23/2021 02:40:10 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE ELEVENTH   JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE   COUNTY, FLORIDA

Diep Vuong
Plaintiff

Case # _____
Judge _____

vs.
ETRO U.S.A., Inc.
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.   TYPE OF CASE   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION: [   ]**
(Specify)

   4

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Christopher D. Brown      Fla. Bar # 45004
    Attorney or party                 (Bar # if attorney)

Christopher D. Brown           03/23/2021
(type or print name)               Date

Filing # 123608195 E-Filed 03/23/2021 02:40:10 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

DIEP VUONG,                                          Case No.:
      Plaintiff,

v.

ETRO U.S.A., Inc.,
      Defendant.
                                     /

## COMPLAINT

Plaintiff, DIEP VUONG ("VUONG" or "Plaintiff"), through her attorneys, brings this

action for damages and other legal and equitable relief against Defendant, ETRO U.S.A., Inc.

("ETRO" or "Defendant"). The Plaintiff's claims are based, in part, on the following facts and

law:

## JURISDICTION, VENUE, & PARTIES

1.     This action arises under § 760.10, *et seq.*, Fla.Stat., The Florida Civil Rights Act

("FCRA"); and § 440.205, *et seq.*, Fla.Stat. The Florida Worker's Compensation Act

("FWCA").

2.     The Plaintiff is, and has been, a Florida resident at all times relevant to this

action.

3.     ETRO is a for-profit company incorporated in New York.

4.     ETRO is registered and licensed to do business in the State of Florida.

5.     ETRO employs over 50 people.

1

6.    The unlawful practices described in this Complaint were committed in Miami-Dade County, Florida.

7.    The Plaintiff has exhausted all administrative remedies and satisfied all conditions precedent to filing this lawsuit.

## FACTS COMMON TO ALL COUNTS

8.    The Plaintiff is an Asian-American female of Vietnamese origin.

9.    She was over the age of forty at all times pertinent to the issues in this Complaint.

10.    ETRO hired her in 2011 as a sales associate.

11.    Over the subsequent three years, the Plaintiff worked her way up to the position of assistant manager and was offered a position as a general manager.

12.    In 2016, the Plaintiff began to experience discrimination based on her age and race.

13.    Among other things, inappropriate comments directed to the Plaintiff were made pertaining to her race and age.

14.    Furthermore, she was passed over for promotions several times and told that it was because she did not fit the "ETRO image," a reference to both her race and her age.   On each occasion, a younger, less-experienced, Caucasian was given the job.

## COUNT I
### RACE DISCRIMINATION
#### (§ 760.10, *et seq.*, Florida Statutes)

15.    The Plaintiff incorporates Paragraphs 1-14 of her Complaint into this Count by reference.

16.    The Act provides that it is unlawful for an employer "to discriminate against... any individual... because of race...".

17.     During all relevant times herein, the Plaintiff was an employee and the Defendant was an employer within the definitions set forth in the FCRA.

18.     By its conduct, the Defendant discriminated against the Plaintiff based on her race in violation of the FCRA.

19.     The Defendant has caused the Plaintiff damages.

## COUNT II
## AGE DISCRIMINATION
### (§ 760.10, *et seq.*, Florida Statutes)

20.     The Plaintiff incorporates Paragraphs 1-14 of her Complaint into this Count by reference.

21.     The Act provides that it is unlawful for an employer "to discriminate against… any individual because of… age …".

22.     During all relevant times herein, the Plaintiff was an employee and the Defendant was an employer within the definitions set forth in the FCRA.

23.     By its conduct, the Defendant discriminated against the Plaintiff based on her race in violation of the FCRA.

24.     The Defendant has caused the Plaintiff damages.

## COUNT III
## RETALIATION
### (§ 760.10, *et seq.*, Florida Statutes)

25.     The Plaintiff incorporates Paragraphs 1-14 of her Complaint into this Count by reference.

26.     In or about April of 2019, one of the Plaintiff's co-workers made allegations of discrimination against ETRO.

3

27.   The co-worker's complaint was protected activity under the FCRA.

28.   In September of 2019, as part of ETRO's investigation of the co-worker's discrimination complaint, ETRO interviewed the Plaintiff who informed ETRO's management that the co-worker's allegations had merit.

29.   Rather than take appropriate action, ETRO's management questioned what the Plaintiff said and professed surprise that the Plaintiff was supporting her co-worker's allegations.

30.   Almost immediately after this, ETRO took adverse employment action against the Plaintiff by, among other things, placing her on a "performance improvement plan" for no valid reason, adding tasks outside of her job description, passing her over for promotions, and ultimately terminating her.

31.   These actions by the Defendant caused the Plaintiff damages.

**COUNT IV**
**WORKER'S COMPENSATION RETALIATION**
(§ 440.205, *et seq.*, Florida Statutes)

32.   The Plaintiff incorporates paragraphs 1-14 of her Complaint into this Count by reference.

33.   The Plaintiff engaged in statutorily protected activity by submitting a valid worker's compensation claim to ETRO on February 14, 2020.

34.   ETRO threatened, intimidated, and coerced the Plaintiff based on her making this claim, and ultimately terminated her less than a month later.

35.   The Defendant has caused the Plaintiff damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, DIEP VUONG, prays for judgment against Defendant, ETRO

4

U.S.A., INC. and for the following relief:

A. Compensatory damages including loss of past and future income, mental anguish, emotional distress, and other related damages;

B. All damages permitted for violations of § 760.10, *et seq.*, Florida Statutes;

C. All damages permitted for violations of § 440.205, *et seq.*, Florida Statutes

C. Prejudgment interest;

D. Costs, disbursements, and attorney's fees pursuant to of § 760.10, *et seq.*, Florida Statutes; and§ 440.205, *et seq.*, Florida Statutes;

E. Any other relief the Court deems just and equitable.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial in this matter.

## CERTIFICATE OF SERVICE

Respectfully filed this 23rd day of March, 2021.

BEASLEY, DEMOS & BROWN, LLC
201 Alhambra Circle, Suite 601
Coral Gables, Florida 33134
Tel: (305) 669-3131 / Fax: (786) 615-8945
By:  */s/ Christopher D. Brown*
CHRISTOPHER D. BROWN
Fla. Bar No. 0045004
cbrown@beasleydemos.com

5

Filing # 123608195 E-Filed 03/23/2021 02:40:10 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

DIEP VUONG,                                     Case No.:
          Plaintiff,

v.

ETRO U.S.A., Inc.,
          Defendant.
_____ /

## PLAINTIFF'S NOTICE OF SERVING
## FIRST INTERROGAORIES TO DEFENDANT

Plaintiff, DIEP VUONG ("VUONG" or "Plaintiff"), through her attorneys, files this

Notice of Serving her First Set of Interrogatories to Defendant, ETRO U.S.A., Inc., pursuant to

Florida Rule of Civil Procedure 1.340.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was served on ETRO

U.S.A., Inc. along with a copy of the Complaint via process server on the date indicated on

return of service.

By:   */s/ Christopher D. Brown*
      Christopher D. Brown
      Fla. Bar No. 0045004
      *Counsel for the Plaintiff*
      BEASLEY, DEMOS & BROWN, LLC
      201 Alhambra Circle, Suite 601
      Coral Gables, Florida 33134
      Tel: 305-669-3131 / Fax: 786-615-8945
      cbrown@beasleydemos.com
      jmiller@beasleydemos.com

1

## INTERROGATORIES

### Definitions

    (a)    The words **"Defendant," "you," "yours,"** and/or **"yourself"** mean the Defendant in this Action, ETRO U.S.A., Inc. and any of its employees, agents, representatives or other persons acting, or purporting to act, on their behalf.

    (b)    The singular shall include the plural and vice versa; the terms **"and"** or **"or"** shall be both conjunctive and disjunctive; and the term **"including"** mean "including without limitation".

    (c)    **"Date"** shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

    (d)    The word **"document"** shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

    (e)    **"Agent"** shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

    (f)    The term **"Action"** shall mean the above-captioned case.

    (g)    **"Person"** shall mean any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

    (h)    The words **"pertain to"** or **"pertaining to"** mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

    (i)    The term **"third party"** or **"third parties"** refers to individuals or entities that are not a party to this Action.

2

(j)     The word "**identify**", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

(k)     The term "**Plaintiff**" means Plaintiff to this Action, DIEP VUONG.

(l) The term "**communication**" means any oral or written statement, dialog, colloquy, discussion, conversation or any transfer of thoughts or ideas between persons by means of documents, including any transfer of data from one location to another by electronic or other means.

(m) The term "**EEOC**" shall refer to the U.S. Equal Employment Opportunity Commission.

### Instructions

(a)     If you produce documents in response to any interrogatory, please identify those documents specifically. In producing documents, please do so in full without abridgement, abbreviation, or expurgation of any sort. Documents are to be produced either in the exact order in which they are kept in the ordinary course of business or classified in accordance with the particular category corresponding to the interrogatory to which they respond.

(b)     In answering this discovery, please furnish all information, however obtained, including hearsay, that is available to you and information known by or in possession of you, your employees, agents, attorneys, accountants, investigators or any other person acting, or purporting to act, for you, or appearing in your records.

(c)     It is your duty in answering this discovery to conduct a reasonable investigation so that the answers disclose all information available to you.

(d)     If you cannot answer the following discovery in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

(e)     Discovery that seeks information contained in or information about or identification of any documents may be answered by providing a copy of such document for inspection and copying or by furnishing a copy of such document without a request for production.

## Interrogatories

1.     What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the Defendant?

**RESPONSE:**

2.     Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action, including any person with knowledge regarding the following topics:

a.     Plaintiff's employment with the Defendant;

b.     Plaintiff's job termination from Defendant;

c.     Any and all claims the Plaintiff made for worker's compensation benefits with the Defendant;

d.     All discrimination and retaliation claims by co-workers in which the Plaintiff participated in any manner; and

e.     All EEOC charges made by the Plaintiff against the Defendant.

**RESPONSE:**

3.    Have you heard or do you know about any statement or remark made by or on behalf of any party or third party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**RESPONSE:**

4.    For any insurers that may indemnify you for any or all for the possible damages (including defense under a reservation of rights) in this matter, please list the name of the insurer, the policy number, the coverage period, and name and contact information for the person managing this litigation for you.

**RESPONSE:**

5.    Please state in detail the reason the Plaintiff was terminated from her employment with the Defendant.

**RESPONSE:**

6

6.    Please describe in detail any complaints relating alleged discrimination the Plaintiff ever made while employed by the Defendant, including the following information regarding each such complaint:

   a. The date the complaint was made;
   b. The specific details of the complaint;
   c. All steps the Defendant took to investigate the complaint;
   d. The results of any such investigation; and
   e. Identification of any documents relating to the complaint.

**RESPONSE:**

7.    Please identify all people (including their races, genders, and national origins), other than the Plaintiff who were considered for any sales positions at the Defendant's Bal Harbour location from 2014 to the present, and identify the person who was ultimately hired for the position (including that person's race, gender, and national origin).

**RESPONSE:**

7

8.    State whether you have ever conducted any workshops, seminars and/or training sessions or other meetings regarding race-discrimination for employees of the Defendant's Bal Harbour location? If your answer is in the affirmative, list each and every person who conducted a seminar, workshop, meeting or other gathering in which training regarding religion-discrimination was given and the names of those persons who attended.

**RESPONSE:**

9.    Please list the names, titles, job descriptions, genders, races, and national origins of all persons who have held the position of assistant manager and general manager of the Defendant's Bal Harbour location from 2011 to the present.

**RESPONSE:**

8

10.     Please describe as closely as *verbatim* all conversations any of the Defendant's employees had with the Plaintiff regarding any complaint she ever made relating to her race, gender, or worker's compensation claims.

**RESPONSE:**

11.     Please identify all documents that support your decision to terminate the Plaintiff's employment.

**RESPONSE:**

12.     If any documents relevant to any aspect of or issues in this lawsuit have been lost, misplaced, or destroyed, please identify fully each said document and describe how it was lost, misplaced, or destroyed.

**RESPONSE:**

13.    At the time of the Plaintiff's termination, please list the following:

 a. Her gross annual salary;
 b. All benefits she received;
 c. The monetary value of these benefits;
 d. The potential bonuses, if any, for her position;
 e. Sick leave;
 f. Vacation time;
 g. Available maternity/paternity leave, and whether it was paid;
 h. Pension, IRA, and/or 401(k) benefits.

**RESPONSE:**

14.    Please provide the following information for all salaried employees holding the assistant manager position of the Defendant's Bal Harbour location:

 a. name;
 b. race;
 c. date of birth;
 d. dates of hire;
 e. date of termination;
 f. all rates of pay and the initial dates of each rate;
 g. current or last known address or telephone number; and
 h. bonuses or additional compensation paid for years information is available.

**RESPONSE:**

10

15.    Please provide the following information for all salaried employees holding the general manager position of the Defendant's Bal Harbour location:

    a.  The gross annual salary;
    b.  All benefits conferred or available with the position;
    c.  The monetary value of these benefits;
    d.  The potential bonuses, if any, for this position;
    e.  Sick leave;
    f.  Vacation time;
    g.  Available maternity/paternity leave, and whether it is paid;
    h.  Pension, IRA, and/or 401(k) benefits.

**RESPONSE:**

16.    Please identify all persons involved in the decision to terminate the Plaintiff and the role each person played in that decision.

**RESPONSE:**

STATE OF FLORIDA            )
                           ss.
COUNTY OF MIAMI-DADE       )

BEFORE ME, the undersigned authority, personally appeared _____ who is personally known to me [__] or has produced _____ as identification, and who after first being duly sworn, deposed and stated that he is a party to this Agreement, that the above is true and correct, and that he has executed this document of his own free act and deed for the purposes therein expressed.

SWORN TO AND SUBSCRIBED before me in the State and County aforesaid this ___ day of _____, 2021.

_____

NOTARY PUBLIC
My Commission expires:

_____          _____
                                             Date

Filing # 123858678 E-Filed 03/26/2021 03:11:12 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

DIEP VUONG,
      Plaintiff,

v.

ETRO U.S.A., Inc.,
      Defendant.

Case No.:

_____/

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

Plaintiff, DIEP VUONG ("VUONG" or "Plaintiff"), through her attorneys, serves this First Request for Production to Defendant, ETRO U.S.A., Inc., ("ETRO" or "Defendant"), pursuant to Florida Rule of Civil Procedure 1.350, and demands that the Defendant produce copies of the following documents in its care, custody, or control, at the offices of Beasley, Demos & Brown, 201 Alhambra Circle, Suite 501, Coral Gables, FL 33134.

### Definitions

(a)     The words "**you**," "**yours**" and/or "**yourself**" means the Defendant in this Action, ETRO U.S.A., Inc. and any of its employees; agents; representatives or other persons acting, or purporting to act, on their behalf.

(b)     The singular shall include the plural and vice versa; the terms "**and**" or "**or**" shall be both conjunctive and disjunctive; and the term "**including**" mean "including without limitation".

(c)     "**Date**" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

1

(d)     The word "**document**" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

(e)     "**Agent**" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f)     The term "**Action**" shall mean the above-captioned case.

(g)     "**Person**" shall mean any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

(h)     The words "**pertain to**" or "**pertaining to**" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(i)     The term "**third party**" or "**third parties**" refers to individuals or entities that are not a party to this Action.

(j)     The word "**identify**", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

(k)     The term "**Plaintiff**" means Plaintiff to this Action, DIEP VUONG.

(l) The term "**communication**" means any oral or written statement, dialog, colloquy, discussion, conversation or any transfer of thoughts or ideas between persons by means of documents, including any transfer of data from one location to another by electronic or other means.

(m) The term "**EEOC**" shall refer to the U.S. Equal Employment Opportunity Commission.

## **Instructions**

(a)     If you object to producing a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

1.   the nature of the privilege claimed (including work product);

2.   if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

3.   the date of the document, electronically stored information or oral communication;

4.   if a document: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

5.   if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

6.   the general subject matter of the document, electronically stored information or oral communication.

(b)     In answering this discovery, please furnish all information, however obtained, including hearsay, that is available to you and information known by or in possession of you, your employees, agents, attorneys, accountants, investigators or any other person acting, or purporting to act, for you, or appearing in your records.

(c)     It is your duty in answering this discovery to conduct a reasonable investigation so that the answers disclose all information available to you.

(d)     If you cannot answer the following discovery in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the unknown information.

(e)     Discovery that seeks information contained in or information about or identification of any documents may be answered by providing a copy of such document for inspection and copying or by furnishing a copy of such document without a request for production.

(f)     In producing documents requested herein, you shall produce documents in full without abridgement, abbreviation, or expurgation of any sort.

(g)     The documents that are the subject of this request are to be produced either in the exact order in which they are kept in the ordinary course of business or classified in accordance with the particular category of document identified by this request.

(h)     If any document requested was previously in your possession, custody, or control but is no longer, state the following for each document in your response to this Request for Production:

1.     the type of document (i.e., correspondence, memorandum, telex, etc.);

2.     the date of the document;

3.     any person(s) who signed the document;

4.     any person(s) who received the document or a copy thereof;

5.     identify any person who presently is in possession of the document(s);

6.     specify the substance of the document; and

7.     identify the disposition of the document, including the date thereof.

4

(i)     Unless otherwise stated, all electronically stored information called for by these requests should be provided in hard copy form.

(ii)     The timeframe for each of these requests is from January 1, 2015 to the present, unless otherwise specified.

## REQUESTS

1.     All written communications between you and the Plaintiff from 2014 to the present.

2.     The Plaintiff's entire personnel file.

3.     The entire personnel file for all persons who have held the position of assistant manager of the Defendant's Bal Harbour location.

4.     The entire personnel file for all persons who have held the position of general manager of the Defendant's Bal Harbour location.

5.     All job written job descriptions for the position of assistant manager of the Defendant's Bal Harbour location.

6.     All job written job descriptions for the position of general manager of the Defendant's Bal Harbour location.

7.     All documents pertaining to the Plaintiff, including but not limited to, any documents authored by you contemporaneously with any communication with Plaintiff regarding the subject matter of this Action.

8.     All documents, including but not limited to, investigations, reports, statements, and notes  pertaining to any complaint the Plaintiff has ever made to any entity or person, whether internal or external, relating to any aspect of her employment.

9.     The organizational charts for Defendant from 2014 to the present.

10.     All files and documents (including, but not limited to, memoranda, findings, conclusions, etc.) pertaining to any internal complaints the Plaintiff ever made while employed by the Defendant, including but not limited to, any complaints of discrimination she has ever made.

11.     All writings or notes authored by you contemporaneously with any communication between you and any third party (not including your counsel) pertaining to the Plaintiff.

12.     All of your written policies against discrimination based on race and national origin from 2010 to the present.

13.     All policies, procedures, guidelines, pamphlets, statements or other similar documents pertaining to your efforts to comply with 760.10, Florida Statutes and Title VII rules, regulations, or guidelines pertaining to race discrimination and retaliation.

14.     All charges filed with any administrative agency and complaints filed in any court of law in the last ten (10) years alleging that you terminated, retaliated against, or discriminated against any employee of the Defendant's Bal Harbour location.

15.     All brochures, pamphlets, codes of conduct, instructions, training information, policies or procedures that you have distributed to your employees, officers, directors, agents, servants, representatives, persons, or entities in the last five years regarding your policies and procedures concerning discrimination based on employee's race, or the treatment of employees of varying races.

16.     All cassette recordings, videotapes, or other electronic recordings, and any transcripts of same, of any meeting, conversation or event in which the Plaintiff was a participant or a topic of discussion.

17.     Any and all documents you sent to or received from any governmental entity including, but not limited to, to the Florida Commission on Human Rights or the EEOC regarding Plaintiff's employment with you, her termination, or in response to any charge or complaint the Plaintiff filed with the EEOC .

18.     Any and all documents that pertain to the Plaintiff's employment with you.

19.     Any written warnings, reprimands, records pertaining to "PIP", records of discipline, or negative job performance evaluations of the Plaintiff.

20.     Any documents the Plaintiff has ever submitted to you, including but not limited to, any applications, relating to a worker's compensation claim.

6

21.    All documents pertaining to any claim or complaint ever made by Michael Simon for any reason while he was employed by the Defendant.

22.    Any and all documents that purport to memorialize any conversations with the Plaintiff or any statement by Plaintiff.

23.    Every document, manual or directive in use at any time from 2010 through the present concerning Defendant's hiring policies, pay policies, salary policies, salary or pay guidelines, workday requirements, and work week requirements.

24.    The complete personnel file for any person hired to fill the Plaintiff's position since her termination.

25.    Every document referred to or used to answer or respond to the Plaintiff's interrogatories directed to Defendant.

26.    Copies of all 401(k), health insurance, life insurance, flex pay, pension, and other benefit packages to which the Plaintiff was entitled a the time of her termination.

27.    Copies of any documents reflecting the paid leave, sick leave, personal days, and bonuses pertining the position the Plaintiff held at the time of her termination.

28.    Copies of all policies of insurance that may provide coverage or a defense to the Defendant in this action.

29.    Any notes, memoranda, emails, correspondence, or other documents created pertaining to the Plaintiff's interviews for any position with the Defendant.

Respectfully submitted,

*Counsel for the Plaintiff*
BEASLEY, DEMOS & BROWN, LLC
201 Alhambra Circle, Suite 601
Coral Gables, Florida 33134
Tel: 305-669-3131
Fax: 786-615-8945
cbrown@beasleydemos.com
jmiller@beasleydemos.com

By:    ___*/s/ Christopher D. Brown*___

7

Christopher D. Brown
Fla. Bar No. 0045004

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was served on ETRO U.S.A., Inc. along with a copy of the Complaint via process server on the date indicated on return of service.

By: ___*/s/ Christopher D. Brown*___

Christopher D. Brown
Fla. Bar No. 004500

8

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2021-007128 CA 01

DIEP VUONG,

     Plaintiff,

v.

ETRO U.S.A., INC.,

     Defendant.

                  /

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that Scott S. Allen, Esq. of the law firm of Jackson Lewis P.C., hereby makes his appearance as counsel for Defendant, Etro U.S.A, Inc., in the above-captioned matter, and requests that all pleadings, correspondence, and other documents regarding this case be forwarded to the attention of the undersigned.

Dated: April 29, 2021

           Respectfully submitted,

           JACKSON LEWIS P.C.
           One Biscayne Tower
           2 South Biscayne Boulevard, Suite 3500
           Miami, Florida 33131
           Telephone: (305) 577-7600
           Facsimile: (305) 373-4466

           */s/ Scott Allen*
           Scott S. Allen, Esq.
           Florida Bar No. 143278
           E-mail: *scott.allen@jacksonlewis.com*
           Tiexin Yang, Esq.
           Florida Bar No.: 1010651
           E-mail: *tiexin.yang@jacksonlewis.com*

           *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court by using Florida Courts E-Filing Portal and furnished via electronic mail to the addresses on the following Service List.

*/s/ Scott Allen*
Scott Allen, Esq.

## SERVICE LIST

Christopher D. Brown, Esq.
Florida Bar Number: 0045004
E-mail: *cbrown@beasleydemos.com*
BEALEY, DEMOS & BROWN, LLC
201 Alhambra Circle, Suite 601
Coral Gables, FL 33134
Tel.: (305) 669-3131
Fax: (786)615-8945

*Attorneys for Plaintiff*

Scott S. Allen, Esq.
Florida Bar No. 143278
E-mail: *scott.allen@jacksonlewis.com*
Tiexin Yang, Esq.
Florida Bar No. 1010651
E-mail: *tiexin.yang@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 577-7600
Fax: (305) 373-4466

*Attorneys for Defendant*

Filing # 125854663 E-Filed 04/29/2021 01:31:52 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2021-007128 CA 01

DIEP VUONG,

     Plaintiff,

v.

ETRO U.S.A., INC.,

     Defendant.

_____/

## NOTICE OF APPEARANCE

     PLEASE TAKE NOTICE that Tiexin Yang, Esq. of the law firm of Jackson Lewis P.C.,

hereby makes her appearance as counsel for Defendant, Etro U.S.A, Inc., in the above-captioned

matter, and requests that all pleadings, correspondence, and other documents regarding this case

be forwarded to the attention of the undersigned.

Dated: April 29, 2021

                      Respectfully submitted,

                      JACKSON LEWIS P.C.
                      One Biscayne Tower
                      2 South Biscayne Boulevard, Suite 3500
                      Miami, Florida 33131
                      Telephone: (305) 577-7600
                      Facsimile: (305) 373-4466

                      */s/ Tiexin Yang*
                      Scott S. Allen, Esq.
                      Florida Bar No. 143278
                      E-mail: *scott.allen@jacksonlewis.com*
                      Tiexin Yang, Esq.
                      Florida Bar No.: 1010651
                      E-mail: *tiexin.yang@jacksonlewis.com*

                      *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April 2021, a true and correct copy of the

foregoing document was electronically filed with the Clerk of the Court by using Florida Courts

E-Filing Portal and furnished via electronic mail to the addresses on the following Service List.

/s/ Tiexin Yang
Tiexin Yang, Esq.

## SERVICE LIST

Christopher D. Brown, Esq.
Florida Bar Number: 0045004
E-mail: *cbrown@beasleydemos.com*
BEALEY, DEMOS & BROWN, LLC
201 Alhambra Circle, Suite 601
Coral Gables, FL 33134
Tel.: (305) 669-3131
Fax: (786)615-8945

*Attorneys for Plaintiff*

Scott S. Allen, Esq.
Florida Bar No. 143278
E-mail: *scott.allen@jacksonlewis.com*
Tiexin Yang, Esq.
Florida Bar No. 1010651
E-mail: *tiexin.yang@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Tel.: (305) 577-7600
Fax: (305) 373-4466

*Attorneys for Defendant*



# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

Contact Us    My Account    

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

### DIEP VUONG VS ETRO U.S.A., INC.

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2021-007128-CA-01 | **Filing Date:** | 03/23/2021 |
| **State Case Number:** | 132021CA007128000001 | **Judicial Section:** | CA27 |
| **Consolidated Case No.:** | N/A | **Case Type:** | Discrimination - Employment or Other |
| **Case Status:** | OPEN | | |

👥 Parties                                                    Total Of Parties: 2    ➕

🔨 Hearing Details                                            Total Of Hearings: 0    ➕

📡 Dockets                                                    Total Of Dockets: 16   ➖

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| ○ | 16 | 04/29/2021 | | Notice of Appearance | Event | |
| ○ | 15 | 04/29/2021 | | Notice of Appearance | Event | Parties: Scott S Allen; ETRO U.S.A. Inc. |
| ○ | 13 | 04/27/2021 | | Notice: | Event | **OF WITHDRAWAL OF MOTION FOR CLERK'S DEFAULT** |
| ○ | 12 | 04/27/2021 | | Motion for Default | Event | |
| ○ | 11 | 04/27/2021 | | Affidavit of: | Event | **RETURN OF SERVICE W/O SUMMONS** |
| ○ | 10 | 04/27/2021 | | Motion for Default | Event | |
| | 9 | 03/27/2021 | | Receipt: | Event | **RECEIPT#:2610185 AMT PAID:$10.00 NAME:CHRISTOPHER BROWN 201 ALHAMBRA CIR STE 601 MIAMI FL 33134-5199 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEIPT DATE:03/27/2021 REGISTER#:261 CASHIER:EFILINGUSER** |
| 📄 | 8 | 03/26/2021 | | Request for Production | Event | |
| | | 03/26/2021 | | 20 Day Summons Issued | Service | |
| 📄 | 7 | 03/26/2021 | | ESummons 20 Day Issued | Event | Parties: ETRO U.S.A. Inc. |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 6 | 03/26/2021 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 5 | 03/25/2021 | | Receipt: | Event | **RECEIPT#:2550066 AMT PAID:$401.00 NAME:CHRISTOPHER BROWN 201 ALHAMBRA CIR STE 601 MIAMI FL 33134-5199 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECEIPT DATE:03/25/2021 REGISTER#:255 CASHIER:EFILINGUSER** |
| | 4 | 03/23/2021 | | Request for Production | Event | |
| | 3 | 03/23/2021 | | Notice of Interrogatory | Event | |
| | 2 | 03/23/2021 | | Complaint | Event | |
| | 1 | 03/23/2021 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us





# HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2021 Clerk of the Courts. All rights reserved.



